UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID GORDON CANTRELL, ) | |
| ) | |
| Plaintiff, ) | Case No. C07-5592 RBL/KLS |
| ) | |
| v. ) | REPORT AND RECOMMENDATION |
| ) | |
| ) | **NOTED FOR:** |
| STATE OF WASHINGTON, ) | **January 11, 2008** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff has submitted an application for leave to proceed *in forma pauperis,* a "Motion 2255 Checklist," and motion for extension of time to acquire copies.  (Dkt. #1 and # 3).  Plaintiff is incarcerated in the Washington Corrections Center in Shelton, Washington.  Plaintiff does not allege that he is in imminent danger of serious physical injury.  Because Plaintiff has three prior civil actions that have been dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), the undersigned recommends the Court deny his application to proceed *in forma pauperis*

REPORT & RECOMMENDATION - 1

in this case under 28 U.S.C. § 1915 (g). [1]

## DISCUSSION

The Prison Litigation Reform Act of 1995, Pub.L. No. 104-143, 110 Stat. 1321 (Apr. 26, 1996) amends the *in forma pauperis* statute, 28 U.S.C. § 1915. Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceed under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

This statutory cap on the number of frivolous actions a prisoner may bring as a pauper has been held to apply to claims dismissed both before and after April 26, 1996, the statute's effective date. *See Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Mr. Cantrell has had three cases dismissed as frivolous or for failure to state a claim. Those cases include: *Cantrell v. Jarvis*, 93-CV-1680CRD, dismissed January 14, 1994; *Cantrell v. C. McDonald*, C04-344C, dismissed June 8, 2004; and *Cantrell v. Administrative Subdivision*, C07-5272RJB. These cases have been counted as dismissals under 28 U.S.C. § 1915(g). In addition, Mr. Cantrell makes no allegation that he is presently under imminent danger of serious physical injury. Therefore, Mr. Cantrell is precluded from proceeding before this Court *in forma pauperis*.

## CONCLUSION

Because Plaintiff already has at least three prior civil actions that have been dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2), the undersigned

---

[1] Mr. Cantrell's "Complaint" also suffers from numerous deficiencies which, assuming he elects to proceed and pay the $350.00 filing fee, will be addressed by a separate order to show cause.

REPORT & RECOMMENDATION - 2

1  recommends the Court deny his request for an extension of time to file an application to proceed *in*
2  *forma pauperis* in this case under 28 U.S.C. § 1915 (g).  Accordingly, the undersigned also
3  recommends the Court dismiss Plaintiff's complaint unless he pays the required $350.00 filing fee
4  **within thirty (30) days** of the Court's order.
5      Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the
6  parties shall have ten (10) days from service of this Report and Recommendation to file written
7  objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those
8  objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time
9  limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **January 11,**
10 **2008**, as noted in the caption.

12     DATED this   13th   day of December, 2007.

            Karen L. Strombom
            United States Magistrate Judge

25 REPORT & RECOMMENDATION - 3